| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in compliance with D.N.J. LBR 9004-1(b)** <br><br> **HILL WALLACK LLP** <br> Angela C. Pattison, Esq. <br> 21 Roszel Road <br> P.O. Box 5226 <br> Princeton, NJ 08543 <br> 609-924-0808 <br> Email: apattison@hillwallack.com <br> *Attorney for Plaintiff* | |
| In Re: <br><br> Louis Simpson, <br><br>     Debtor. | Bankruptcy Case No.: 20-21876-RG <br><br> Chapter 7 |
| Matthew Marden, <br><br>     Plaintiff/Creditor, <br> vs. <br><br> Louis Simpson, <br><br>     Debtor/Defendant. | Judge: Rosemary Gambardella, U.S.B.J. <br><br> Adversary Proceeding No. 21-01017 (RG) <br><br> **Plaintiff's Brief in Support of Motion for Contempt for Failure to Participate in Discovery and/or for an Order Striking Defendant's Answer** |

**PLAINTIFF'S BRIEF IN SUPPROT OF MOTION FOR CONTEMPT FOR FAILURE TO PARTICIPATE IN THE DISCOVERY PROCESS UNDER RULE 37 AND/OR FOR AN ORDER STRIKING DEFENDANT'S ANSWER FOR FAILURE TO ADHERE TO RULE 26 AND OTHER RULES OF THIS COURT**

    Plaintiff, Matthew Marden ("Plaintiff" or Plaintiff Marden) hereby submits this Brief in Support of Plaintiff's Motion to hold the Defendant, Louis A. Simpson, in Contempt for failure to respond to written discovery pursuant to Rules 33 and 34, failure to disclose information pursuant to Rule 26, and failure to appear in prosecution of Defendant's case.

    Plaintiff requests that the Court enter an Order striking the Defendant's Answer with prejudice and the entry of a Default, and in support thereof Plaintiff avers and argues as follows:

**I. Historical Background**

    Plaintiff was an employee of the Defendant and/or Simpson Financial Group from August of 2014 to August 2, 2017. Defendant was the sole owner and operator of Simpson Financial Group, who exercised complete control over the company's business and financial

operations. Defendant was Plaintiff's direct supervisor at SFG who exercised unfettered control and direction of Plaintiff's business activities, as well as how and when they were performed. Defendant, as Plaintiff's mentor, also taught him to engage in business practices and tactics for which Defendant had already been disciplined.

Defendant directly caused SFG's failure to pay Plaintiff's compensation and/or commissions continuously throughout his employment for Defendant/SFG. At all times relevant to the Complaint, Defendant promised to repay Plaintiff the missing compensation if Plaintiff stayed on and continued to sell insurance policies for SFG. In or around June of 2015, Defendant also promised to make Plaintiff a partner in the business so that Plaintiff could be repaid the missing compensation upon the sale of the business. In actuality, Defendant intentionally did not pay Plaintiff's compensation. Rather, Defendant knowingly induced Marden to continue working for SFG without the compensation to which Marden was legally entitled. In addition, Defendant did not make Plaintiff a partner in SFG, the business was not sold, and no compensation was repaid to the Defendant.

Defendant, instead, paid himself out of the commissions earned by the Plaintiff, using the corporate assets as his own private slush fund. Meanwhile, Defendant encouraged Plaintiff to disregard or disavow complaints being placed by customers as a result of the sales tactics required by Defendant through SFG. Plaintiff ceased working for Defendant in or around August 2, 2017 and Plaintiff was never repaid the compensation that he was owed after having departed the company. Thereafter, Defendant caused SFG to cease business operations. However, Defendant has continued to pay himself from the SFG business earnings on a monthly basis while refusing to pay SFG's other debts or commissions due.

On or about June 18, 2018, Plaintiff instituted the Massachusetts Action, arising out of Debtor's misclassification as an independent contractor and non-payment of earned wages in violation of state law (M.G.L. c. 149, §§148B), non-payment of wages (M.G.L. c. 149, §148), breach of contract, as well as unjust enrichment. On or about December 9, 2019, the Plaintiff was awarded judgments against both SFG and Debtor/Defendant, Louis Simpson. See, Exhibit "A". Since that time, Defendant has refused to make payment on the judgment in favor of the Plaintiff, while writing himself checks from the SFG business account. Defendant has also personally thwarted all collections attempts made by Plaintiff to understand the SFG business assets and financial information as the President and sole owner of that company.

## II. The Bankruptcy

On or about October 22, 2020, the Debtor petitioned the Court for relief by filing a Petition under Chapter 7 of the United States Bankruptcy Code, which was assigned case 20-21876-RG, with the assistance of previous counsel, Scott Goldstein, Esquire. On or about, January 19, 2021, Plaintiff commenced the present adversary proceeding objecting to the Debtor's eligibility for a discharge under, inter alia, Sections 523(a)(2)(A) (fraud), 523(a)(2)(B) (fraudulent inducement), 523(a)(4)(fraud in fiduciary capacity), Section 523(a)(6) willful injury, as well as 11 U.S.C. § 727(a)(3)(failure to maintain records), 11 U.S.C. § 727(a)(4)(A)(false statements about businesses/licensing), and/or 11 U.S.C. § 727(a)(5)(insufficient explanation for

loss of assets). On or about March 2, 2021, Defendant/Debtor responded by filing an Answer through his Counsel.

Since the adversary was commenced, the parties negotiated and entered into four (4) Joint Scheduling Orders and, eventually a Mediation Order with the assistance of their respective Counsel. However, very early on, Defendant, failed to remit disclosures in accordance with Rule 26 of the Federal Rules of Civil Procedure. Said disclosures have never been received by Plaintiff to date.

Thereafter, on or about July 20, 2021, Plaintiff caused the attached written discovery to be served upon the Debtor and his Counsel pursuant to Rule 33 of the Federal Rules of Civil Procedure, with responses due within 30 days therefrom. See, Exhibit "B". On or about July 20, 2021, Plaintiff also caused Requests for Production of Documents to be served upon the Debtor and his counsel pursuant to Rule 34 of the Federal Rules of Civil Procedure, to which a response was due 30 days therefrom. See, Plaintiff's Requests for Production of Documents served July 20, 2021 attached hereto as Exhibit "C". No responses were received.

On or about September 8, 2021, Plaintiff's Counsel inquired as to the status of the outstanding discovery and was asked by Mr. Goldstein to reserve the same. As a result, Plaintiff's Counsel re-sent both items of written discovery to Mr. Goldstein by electronic mail on September 23, 2021. No response to either production was ever received. See, Exhibit "D". Once again, no response were received.

Simultaneously, and notwithstanding Debtor's failure to make disclosure or discovery, the Plaintiff moved forward with their obligations under the Mediation Order entered May 11, 2011. Counsel for both parties engaged David Beslow, Esquire to act as mediator. It took several months for Defendant's counsel to negotiate a date for mediation with the Defendant/Debtor, with the initial mediation having been scheduled for March 24, 2022 via Zoom conferencing. Defendant/Debtor failed to be present in person at all such remote mediation sessions, thereby increasing the costliness and reducing the efficiency of the process. Though Plaintiff and the Mediator pressed to complete the mandatory mediation, it would often take Defendant's Counsel weeks to obtain responses to basic questions or offers communicated as part of the mediation process. In the end, Defendant/Debtor's conduct made it untenable to continue in a costly mediation that had been rendered futile, while Defendant/Debtor has withheld responses necessary to close out the Mediation and/or file a Final Report.

On or about July 11, 2022, Mr. Goldstein moved for leave to withdraw as Debtor's Counsel due, *inter alia*, to Debtor's inability or refusal to cooperate in aid his defense. In the months leading up to a decision on said motion, Mr. Goldstein was not authorized to negotiate a new Joint Scheduling Order by the Defendant. Nor, was Mr. Goldstein authorized to end the open Mediation. After two listings of the Motion to Withdraw with no opposition or appearance, Defendant/Debtor's Counsel was granted leave to withdraw, leaving Debtor as a *pro se* litigant on October 26, 2022. Thereafter, the Debtor was given no less than 30 days to secure alternative counsel by This Court, during which time Debtor remained *pro se*.

On or about December 14, 2022, this Court conducted a status conference at which the Defendant failed to appear. On or about December 15, 2022 , Plaintiff wrote to Defendant/Debtor to inform him of the Court's next listing and that appearances were required. No response was received to said letter. On or about January 26, 2023, This Court conducted a status conference hearing at which the Defendant failed to appear. On or about March 28, 2023, This Court adjourned the last status conference to May 25, 2023 to allow Plaintiff time to file the instant motion. On March 28, 2023, Plaintiff docketed and mailed a confirming letter to the Defendant Debtor to which no response has been received.

Since the Defendant/Debtor's former Counsel has withdrawn, Plaintiff has not received the required disclosures, nor discovery responses. No effort has been made by Defendant/Debtor to participate in the discovery process or to progress the adversary matter to a conclusion.

## II. Legal Argument

**Part I – Pretrial Disclosures**

Defendant/Debtor has failed to participate in the basic Discovery and Pretrial procedures mandated by Fed.R.Civ.P. 26, 33, and 34, thereby thwarting the ability of the Plaintiff and this Court to dispose of the current adversary proceeding sufficient to warrant sanctions. Federal Rule of Civil Procedures 26 provides the following is required to be exchanged within 14 days of the initial status conference:

> *(1) Initial Disclosure.*
>
> *(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:*
>
> *(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;*
>
> *(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;*
>
> *(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and*
>
> *(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Fed.R.Civ.P. 26(a)(1)(A).  Moreover, Rule 26(E) required the disclosure be made, notwithstanding the Debtor's failure to investigate or unreasonable failure to access the information relating to the same, as follows:

> (E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its *initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.*

Fed. R.Civ.P. 26(E).

Plaintiff asserts that the Defendant/Debtor has been in violation of this Court rule throughout the entirety of the pendency of this action.  Furthermore, neither Debtor's former Counsel, nor Defendant/Debtor acting *pro se*, has responded to Plaintiff's requests for an updated Joint Scheduling Order and pretrial disclosures to which Plaintiff is entitled.  Moreover, this Court has conducted routine status conferences at which the Court maintains control of the scheduling and progress of litigation by virtue of Rule 26.  Defendant has failed to appear at any such conferences, thereby obstructing the progress of this litigation.

The Defendant/Debtor's conduct as described above, warrants the entry of a Contempt order with sanctions pursuant to Fed.R.Civ.P. 37, made applicable to this proceeding through Fed.R.B.P. 7037.  In this regard, Rule 37(c) provides that,

> "*Failure to Disclose or Supplement*.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. . . "

Fed.R.Civ.P. 37(c)(1).  Defendant/Debtor has continuously remained in default of Rule 26 throughout this litigation as described herein.  Whereas, the Plaintiff asserts that the Court must take appropriate remedial action pursuant to Rule 37 in order to enforce the Rules of This Court.

**PART II –    Failure to Respond to Written Discovery Pursuant to Federal Rule 33 (Interrogatories) and Rule 34 (Requests for Production of Documents)**

Federal Rule of Civil Procedure 33(b)(2) provides that written discovery in the form of Interrogatories must be responded to within 30 days of service.  See, Fed.R.Civ.P. 33(b)(2). Similarly, Federal Rule of Civil Procedure 34 provides that Requests for Production of Documents served upon a party must be responded to within 30 days of service.  See, Fed.R.Civ.P. 34(b)(2)(a). Rule 37(a) and (f) authorizes the Court to find Debtor in Contempt for failure to respond to discovery and/or failure to participate in framing a discovery plan.  See, generally, Fed.R.Civ.P. 37(a)and(f).

Plaintiff served Interrogatories and Requests for Production of Documents on the Defendant/Debtor and his Counsel on July 20, 2021, which was confirmed by email to Counsel

on July 26, 2021. The deadline to response to written discovery expired on or about August 19, 2021. Hearing nothing in response, Plaintiff's Counsel conferred with opposing Counsel and re-served said requests for a second time on September 23, 2021. The extended thirty-day response deadline expired for a second time on October 24, 2021, with no response from Defendant/Debtor.

Plaintiff's counsel followed up with Mr. Goldstein repeatedly, including, but not limited to, telephone conversations during mediation as to the status of the discovery requests. To date, no responses to Plaintiff's written discovery have ever been received from Defendant/Debtor. Rather, Counsel was advised that Debtor was aware of the requests but that he had chosen not to respond to the same due to an alleged lack of access to the requested information.

Debtor/Defendant's willful refusal to respond to written discovery is sufficient for the Court to find Debtor in Contempt of Court pursuant to Rule 37(a)(1) and Rule 37(2)(A) in that Debtor has acted in blatant disregard for the Orders negotiated by his Counsel that provide for discovery to commence. Debtor/Defendant's willful failure to adhere to the requirement in Rule 26 to frame a discovery plan is similarly punishable pursuant to Rule 37(f). Moreover, Debtor/Defendant's willful failure to respond to Plaintiff's Interrogatories warrants remedial action under Rule 37(c), in the form deemed appropriate by this Court. Plaintiff respectfully requests this Court to enter an order finding that Debtor/Defendant is in contempt of the Court's rules and striking Debtor/Defendant's Answer.

**PART III – General Conduct Before the Court**

Defendant/Debtor has failed to act in prosecution of his defense throughout the entirety of this action. Said failure has become particularly problematic since Mr. Goldstein has withdrawn as counsel. For example, Mediation has never been formally closed, nor has any discussion occurred relating to a Scheduling Order. The Mediator has never been compensated. Similarly, Debtor has not conferred to create a pathway forward pursuant to Rule 26 for this case to be administered. And, Debtor has failed to appear at all hearings and status conferences scheduled since his counsel's withdrawal. Finally, Debtor recently contacted Plaintiff's counsel in an attempt to discuss outside matters regarding the collection of the corporate debt. But, has not responded to discovery, appeared at hearings, and/or addressed any of the matters raised above as they relate to the Adversary Proceeding.

The Court is authorized by Federal Statute, 11 U.S.C. §105(a) to use its discretion to take whatever action is necessary to stem abuse of the bankruptcy court and system. See, 11 U.S.C. §105(a). In addition, Federal Rule of Procedure 37 allows the Court a multitude of options in fashioning a remedy for failure to comply with the Rules of this Court as set forth within Federal Rules 26, 33 and 34. Defendant/Debtor's willful conduct has directly prejudiced the Plaintiff/Creditor's ability to conduct proper discovery and progress this action toward trial. Those actions have been taken in order to delay prosecution of this case, brought by his judgment creditor. Debtor's defense has been rendered impractical or impossible by virtue of discovery sanctions set forth within Rule 37 that will preclude Debtor's introduction of evidence he has failed to disclose in violation of Rule 26. Accordingly, the Plaintiff respectfully requests this Court to enter an Order Striking Debtor's Answer as a litigation Sanction and/or pursuant to

11 U.S.C. §105(a) and Federal Rule of Civil Procedure 37, as well as entering Default in favor of the Plaintiff, for all of the reasons set forth herein.

## IV.  Conclusion

Debtor's willful and dilatorius conduct has stalemated the progress of this adversary proceeding from the very beginning of the case.  Plaintiff is unable to press forward with open and ignored discovery, an abandoned mediation and status conferences where Plaintiff is the only party in appearance, all in violation of our Court's rules.

Wherefore, the Plaintiff, Matthew Marden, hereby petitions This Court for the entry of an Order finding Defendant/Debtor in contempt of court, striking the Defendant's Answer as a result, and/or entering a Default Judgment in favor of the Plaintiff and/or for any additional relief the Court deems appropriate pursuant to 11 U.S.C. §105(a), and Federal Rules of Civil Procedure 26, 33, 34 and/or 37.

**Respectfully submitted,**

May 23, 2023

*/s/ Angela C. Pattison*
**Angela C. Pattison, Esquire**
**HILL WALLACK, LLP**
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543
609-924-0808
Email: apattison@hillwallack.com
*Attorney for Plaintiff*